UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE, a married woman dealing with her sole and separate claim,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>EASTLAKE HOSPITALITY VENTURES LLC, a California limited liability company,<br><br>　　　　　　　　　　　Defendant. | Case No.: 25-cv-01031-GPC-VET<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM**<br><br>**[ECF Nos. 7, 8]** |
| EASTLAKE HOSPITALITY VENTURES LLC, a California limited liability company,<br><br>　　　　　　　　　　　Counter-Claimant,<br><br>v.<br><br>THERESA BROOKE, a married woman dealing with her sole and separate claim,<br><br>　　　　　　　　　　　Counter-Defendant. | |

1

On May 20, 2025, Plaintiff and Counter-Defendant Theresa Brooke ("Brooke") filed a motion to dismiss her complaint against Defendant and Counter-Claimant Eastlake Hospitality Ventures LLC ("Eastlake"), ECF No. 7, and a motion to dismiss Eastlake's counterclaim against her, ECF No. 8.  The parties have fully briefed both motions.  ECF Nos. 11–14.  For the reasons below, the Court GRANTS Brooke's motion to dismiss her complaint against Eastlake and GRANTS Brooke's motion to dismiss Eastlake's counterclaim.  The Court also GRANTS Eastlake's request for costs as to Brooke's complaint.

## BACKGROUND

On April 23, 2025, Brooke filed a complaint against Eastlake for discrimination under the Americans with Disabilities Act ("ADA") and for violating the Unruh Civil Rights Act ("Unruh Act").  *See Generally* ECF No. 1 ("Compl.").  Specifically, Brooke "alleges that [Eastlake's] hotel does not have a compliant access aisle at the passenger loading zone adjacent to the hotel lobby[.]"  *Id.* ¶ 7.

On May 16, 2025, Eastlake filed an answer to the complaint, ECF No. 3, and a counterclaim against Brooke, ECF No. 4 ("Counterclaim").  Eastlake's counterclaim alleges that Eastlake is a third-party beneficiary of a settlement between Brooke and Disney Way Hotel Partners LLC ("Disney Way"), which included a covenant not to sue Disney Way and/or Eastlake.  Counterclaim ¶¶ 5–7; *see also* Counterclaim Ex. 1 ("Brooke-Disney Way Settlement Agreement").  Eastlake alleges that Brooke's filing of the instant lawsuit constitutes a breach of contract which caused Eastlake to suffer damages.  Counterclaim ¶¶ 10–16.

That same day, in response to Eastlake's counterclaim, Brooke filed a notice of intent to file a dismissal and indicated a preference to resolve the issues without further motions practice.  *See* ECF No. 5.  On May 20, 2025, Brooke filed a motion to dismiss

her own complaint against Eastlake, ECF No. 7, and a motion to dismiss Eastlake's counterclaim for lack of subject matter jurisdiction, ECF No. 8.

## MOTION TO DISMISS BROOKE'S COMPLAINT

Brooke requests that the Court dismiss her claim with prejudice, with each party to bear their own costs and fees. ECF No. 7 at 1.[1] Brooke states that the Brooke-Disney Way Settlement Agreement bars the instant complaint. *Id.* Eastlake does not oppose dismissing the complaint with prejudice. ECF No. 11. Accordingly, the Court GRANTS Brooke's motion to dismiss the complaint with prejudice. However, Eastlake asks the Court to award it costs as the "prevailing party," pursuant to Federal Rule of Civil Procedure ("Rule") 54(d)(1). *Id.* In her reply brief, Brooke contests whether the Court should award Eastlake costs. ECF No. 13. The Court will address the costs issue separately below.

## MOTION TO DISMISS EASTLAKE'S COUNTERCLAIM

The parties agree that, upon dismissal of Brooke's complaint, the Court will no longer have subject matter jurisdiction over Eastlake's counterclaim, and thus the Court should dismiss Eastlake's counterclaim without prejudice. ECF No. 8 at 6–8; ECF No. 12 at 1–2 ("Eastlake concedes that upon the dismissal of Plaintiff's complaint, there would no longer be ancillary jurisdiction to hear the counterclaim"); ECF No. 14 at 1. The parties also agree that they should each bear their own costs and fees regarding Eastlake's counterclaim. ECF No. 12 at 2; ECF No. 14 at 1. Accordingly, the Court GRANTS Brooke's motion to dismiss and DISMISSES Eastlake's counterclaim without prejudice, with each party to bear its own costs and fees.

---

[1] Brooke could not file a notice of voluntary dismissal because Eastlake had already filed an answer and because Eastlake was unwilling to join Brooke's motion to dismiss. ECF No. 7 at 1 n.1; *see* Fed. R. Civ. P. 41(a) (allowing voluntary dismissal without a court order only "before the opposing party serves either an answer or a motion for summary judgment" or by "a stipulation of dismissal").

**EASTLAKE'S REQUEST FOR COSTS**

The only issue the parties dispute is whether Eastlake is entitled to costs regarding Brooke's complaint as the "prevailing party" pursuant to Federal Rule of Civil Procedure ("Rule") 54(d)(1). *Id.* Rule 54(d)(1) provides, in relevant part: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorneys' fees—should be allowed to the prevailing party." A district court has discretion to award costs, except when a federal statute or a Federal Rule of Civil Procedure "provides otherwise." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013). The Ninth Circuit has recognized that "[b]ecause Rule 54(d)(1) states that costs 'shall' be allowed 'as of course,' there is a strong presumption in favor of awarding costs to the prevailing party." *Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003).

Brooke's argument against awarding costs to Eastlake is two-fold: first, she argues that Eastlake is not a "prevailing party" under Rule 54(d)(1); second, she argues that, even if Eastlake is a "prevailing party," the Court should exercise its discretion to not award Eastlake costs. ECF No. 13. The Court will address each of these arguments in turn.

Civil Local Rule 54.1(f) provides that "[t]he defendant is the prevailing party upon any termination of the case without judgment for the plaintiff except a voluntary dismissal under Fed. R. Civ. P. 41(a)." Here, Plaintiff has filed a motion to dismiss, as opposed to a notice of voluntary dismissal under Rule 41(a). Rule 41(a) provides that, to be a voluntary dismissal, the plaintiff must either file "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Here, Eastlake already filed an answer and the parties did not stipulate to dismissal. Thus, this is not a voluntary

dismissal. Because this is a termination of the case without judgment for Brooke, and because this is not a voluntary dismissal, Eastlake is a prevailing party.[2]

Because Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party, Brooke bears the burden of showing why the Court should not award costs. *Save our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003). When deciding whether to deny costs to a prevailing party, a court should weigh factors such as: (i) the prevailing party's misconduct; (ii) the limited resources of the losing party; (iii) whether the action presents issues of great public importance; (iv) whether the issues are close and complex; and (v) whether the costs are extraordinarily high. *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 593 (9th Cir. 2000).

Brooke contends that Eastlake's conduct has been improper. Brooke argues that Eastlake filed an answer and counterclaim to prevent Brooke from filing a notice of voluntary dismissal and capitalize on Brooke's misstep in filing the complaint, when instead Eastlake's counsel could have simply conferred with Brooke's counsel to resolve the case informally. ECF No. 13 at 2–3; *see also* ECF Nos. 8-2–8-6 (communications between counsel). While Eastlake may have engaged in some gamesmanship, it was not necessarily improper for it to file an answer and counterclaim for the breach of the Brooke-Disney Way Settlement Agreement. And while informal resolution was perhaps the most efficient and cost-effective option, there is no requirement that the parties meet and confer before filing an answer or counterclaim. Thus, Eastlake's filing of an answer

---

[2] Brooke relies on the Supreme Court's opinion in *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992), to argue that Eastlake is not a prevailing party because there is "no material alteration of the legal relationship" between the parties. However, *Farrar* dealt with the meaning of "prevailing party" under the Civil Rights Attorney's Fees Awards Act of 1976, which has no bearing on Rule 54(d)(1). *See id.* at 109. Accordingly, *Farrar* does not change the Court's conclusion here.

and counterclaim, rather than opting for more informal settlement talks, was not misconduct.

No other factor that weighs against granting Eastlake costs at this point. Accordingly, the Court GRANTS Eastlake's request for costs as to Brooke's initial complaint.[3] However, Eastlake must still file a bill of costs, and the extent of the costs the Court will ultimately award Eastlake is still subject to review.

## CONCLUSION

For the above reasons, the Court GRANTS Brooke's motion to dismiss the complaint, GRANTS Brooke's motion to dismiss Eastlake's counterclaim, and DIRECTS Eastlake, as the prevailing party, to timely file a bill of costs in accordance with the applicable rules and procedures. The Court VACATES the July 18, 2025 hearing pursuant to Civil Local Rule 7.1(d)(1).

**IT IS SO ORDERED.**

Dated: July 1, 2025

Hon. Gonzalo P. Curiel
United States District Judge

---

[3] As described *infra* at 3, the parties will bear their own fees and costs as to Eastlake's counterclaim.